UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                      Case No. 08-20601

vs.

                                      HON. GEORGE CARAM STEEH

BRIAN OSBURN,

                Defendant.

_____/

<u>ORDER DENYING BRIAN OSBURN'S MOTION TO DISMISS COUNT 3 [DOC. 151]</u>

       Defendant Brian Osburn is charged in a multi-count Indictment with 21 other alleged co-conspirators.  He is charged in Count 1 with conspiracy to manufacture with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting, 18 U.S.C. § 2; Count 2 with conspiracy to launder monetary instruments, 18 U.S.C. § 1956(a)(1)(A)(I), 1956(a)(1)(B)(I) and 1956(h); Count 3 with continuing criminal enterprise, 21 U.S.C. § 848; Count 4 with mortgage fraud, aiding and abetting, 18 U.S.C. §§ 1014, 2; and Count 6 with criminal forfeiture, 21 U.S.C. § 853, 18 U.S.C. §981(a)(1)(c), 982(a)(1), 28 U.S.C. § 2461.

       Count 3, which is charged against Brian Osburn only, sets for the elements of the continuing criminal enterprise (CCE):

> That in or about the year 1999, said date being approximate, and continuing thereafter up to and including the date of this indictment, in the Eastern District of Michigan, Southern Division, and elsewhere, BRIAN OSBURN, defendant herein, did knowingly, intentionally, and unlawfully engage in a continuing criminal enterprise in that he unlawfully, willfully, intentionally and knowingly violate Title 21, United States Code Section 841(a), and 846 on three or more occasions including but not limited to those violations set forth more completely in Counts 1 and 2, which counts

are hereby adopted and incorporated by reference as if set forth fully. These and other violations were all part of a continuing series of violations . . . involving at least 18,000 marijuana plants that were undertaken by defendant BRIAN OSBURN in concert with at least vive or more persons with respect to whom the defendant occupied the position of one of the principal administrators, organizers, or leaders of the enterprise and from which continuing series of violations he received substantial income and resources; all in violation of Title 21, United States Code Sections 848(a), (b) and (c).

Defendant contends that Count 3 is insufficiently pled and must be dismissed.

Defendant also argues that because Count 1, the drug conspiracy count, is a lesser

included offense of Count 3, Count 3 must be dismissed.

The Sixth Circuit has held that an indictment charging CCE need only track the

statutory language in order to provide notice to the defendant of the charges he faces.

As the government continues to investigate, additional acts may be uncovered, and as

long as defendant receives discovery as to those acts, the government may seek to

introduce evidence of those acts at trial.  See, United States v. Burns, 298 F.3d 523,

535 (6th Cir. 2002); United States v. Phibbs, 999 F.2d 1053 (6th Cir. 1993).  In this

case, the indictment tracks the statutory language and provides adequate notice to

defendant.  Defendant knows that the government intends to prove three specific drug

transactions or events, including but not limited to the overt acts listed in Count 1, in

which defendant acted in concert with five individuals as part of a series of ongoing

conduct.

The government agrees with defendant that the jury must unanimously agree on

which specific violations constitute the "continuing series" of three or more violations to

prove that a defendant is involved in a CCE.  However, this is an issue of jury

instructions, not an issue of pleading.

2

The government also acknowledges that a § 846 drug conspiracy is a lesser included offense of a § 848 CCE charge.  A conviction based on both §§ 846 and 848 would require a court to dismiss the § 846 conviction only after the jury rendered its verdict.  <u>United States v. Long</u>, 190 F.3d 471 (6th Cir. 1999).  The government agrees that if it proves both the CCE count and the conspiracy count at trial, it would be proper to dismiss the § 846 conspiracy conviction without prejudice pending appeal.  Defendant's motion to dismiss on this basis is denied as premature.

IT IS HEREBY ORDERED that defendant's motion to dismiss Count 3 of the indictment is DENIED in its entirety.

Dated:  April 27, 2009

<u>S/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 27, 2009, by electronic and/or ordinary mail.

<u>S/Josephine Chaffee</u>
Deputy Clerk

3